IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EDDIE AGUILERA,

      Plaintiff,

v.                                                          No. 2:25-cv-00255-JHR

CITY OF LAS CRUCES,
FNU VASQUEZ and
M. SALAS,

      Defendants.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS*
AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**

    The original Complaint filed in this case named four Plaintiffs. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed March 11, 2025. Plaintiffs also filed an Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed March 11, 2025 ("original Application"). The Court notified Plaintiffs of deficiencies in the original Complaint and the original Application and ordered Plaintiffs to file an amended complaint and an amended Application. *See* Order to Show Cause, Doc. 5, filed March 13, 2025. Plaintiff Eddie Dan Aguilera filed an Amended Complaint and an Amended Application. *See* Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 7, filed April 2, 2025; Amended Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 8, filed April 2, 2025.

**Order Granting Application to Proceed *In Forma Pauperis***

    The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Id. at 339.

The Court grants Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $230.00; (ii) Plaintiff's monthly expenses total approximately $1,400.00; and (iii) Plaintiff has two minor daughters who rely on him for support. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed an affidavit stating he is unable to pay the costs of this proceeding, because his expenses exceed his low monthly income, and because he has two minor daughters who rely on him for support. Because it is granting Plaintiff's Amended Application, the Court denies the original Application as moot.

**Order Denying Motion for Appointment of Counsel**

Plaintiff requests that the Court appoint counsel to represent Plaintiff in this matter due to the complexity of this case. *See* Plaintiff's Motion for Appointment of Council [sic], Doc. 9, filed April 3, 2025.

"[C]ivil litigants have no right to counsel." *Witmer v. Grady County Jail*, 483 Fed.Appx. 458, 462 (10th Cir. 2012). The decision to appoint counsel is left to the "extremely broad" discretion of the district court. *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). While courts have authority to "*request* an attorney to represent a litigant who is proceeding in forma pauperis," *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (emphasis added), the Court cannot "*require* an unwilling attorney to represent an indigent litigant in a civil case," *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (emphasis added). Congress has not provided any mechanism, process, or funds to pay appointed counsel. *See* 28 U.S.C. § 1915(e)(1). Thus, the Court not only considers the benefits of having a represented plaintiff, but also must consider the hardship imposed on an attorney who is appointed to serve without remuneration or compensation, as well as without assurance that he or she would have funds available to assist in the investigation of claims, conduct formal discovery, retain experts, pay witness fees, or otherwise defray the costs of litigation. Plaintiff has not cited, and the Court has not found, any legal authority which would allow the Court to appoint counsel in this case.

The Court denies Plaintiff's Motion for Appointment of Counsel. The Court refers Plaintiff to the District of New Mexico's Guide for Pro Se Litigants (October 2022) which, on page 6, lists resources for legal representation.

**IT IS ORDERED** that:

(i)   Plaintiff's Amended Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 8, filed April 2, 2025, is **GRANTED.**

(ii)  The original Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed March 11, 2025, is **DENIED as moot.**

(iii)   Plaintiff's Motion for Appointment of Coun[se]l, Doc. 9, filed April 3, 2025, is

**DENIED.**

_____
**HON. JERRY H. RITTER**
**UNITED STATES MAGISTRATE JUDGE**