IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EDDIE DAN AGUILERA,

      Plaintiff,

v.                                            No. 2:25-cv-00255-MIS-JHR

CITY OF LAS CRUCES,
FNU VASQUEZ and
M. SALAS,

      Defendant.

## ORDER OF DISMISSAL

The original Complaint in this case named four *pro se* Plaintiffs, named the City of Las Cruces as a defendant, and stated a "list of defendants will follow." Civ. Rights Compl. Pursuant to 42 U.S.C. § 1983 at 1, ECF No. 1 ("Complaint").

United States Magistrate Judge Jerry H. Ritter notified Plaintiffs that:

(i)     the Complaint fails to state a claim upon which relief can be granted because it does not clearly explain what each Defendant did to each of the four Plaintiffs;

(ii)    the Complaint is only signed by one of the four Plaintiffs, the name of the Plaintiff that signed the Complaint is not clear because the signature is illegible, and Rule 11(a) requires that every document filed in this case must be signed by at least one attorney of record in the attorney's name or by each party personally if the party is unrepresented;

(iii)   it appears that the Plaintiff that filed the Complaint may be asserting claims on behalf of the other three Plaintiffs. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); and

(iv)     portions of the Complaint are illegible or incoherent.  Statements that are illegible or incoherent do not give Defendants fair notice of Plaintiffs' claims and grounds upon which those claims rest.

Order to Show Cause, ECF No. 5.  Judge Ritter ordered Plaintiffs to show cause why the Court should not dismiss this case and to file an amended complaint.  *See id.* at 5.

Defendant Eddie Dan Aguilera filed an amended complaint which asserts claims against the City of Las Cruces, Sheriff Deputy Vasquez and State Police Officer Salas.  *See* Am. Civ. Rights Compl. Pursuant to 42 U.S.C. § 1983, ECF No. 7 ("Amended Complaint").

The Court dismisses the claims against the City of Las Cruces for failure to state a claim.  The only allegations regarding the City of Las Cruces state that "the City has used its multiple law enforcement agencies to commit unconstitutional acts," an "officer refused to make a police report," the Police Department suggested that Plaintiff admit himself to the hospital because "maybe I needed to see someone," and Plaintiff "filed a complaint with the City Police Department and nothing [was] done."  Am. Compl. at 1, 5, 8, 11.  "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation."  *McLain v. Sheriff of Mayes Cnty.*, 595 F. App'x 748, 753-754 (10th Cir. 2014) (citing *Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir. 1998) and *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978)).  There are no allegations showing that a City policy or custom was the moving force behind the alleged constitutional violations.

The Court dismisses the claims against Sheriff Deputy Vasquez for failure to state a claim upon which relief can be granted.  The only allegations regarding Defendant Vasquez state Vasquez "used authority given to him by his law enforcement badge to hurt or commit act deemed

unconstitutional," "knowingly played a role in a plan to end my life. This officer arrested me while transporting me to jail. this officer sprayed me with a toxic chemical," and "played a key role in a plan to end my life [by] transport[ing] me to County jail where all the people that were following me also ended up." Am. Compl. at 2-3. There are no allegations showing that Plaintiff's arrest was wrongful or that Vasquez used excessive force. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021) ("Allegations that are merely consistent with a defendant's liability" are not sufficient; a plaintiff must "allege facts from which we may reasonably infer Defendant's liability" and which "nudge the claim across the line from conceivable or speculative to plausible").

The Court dismisses the claims against State Police Officer Salas for failure to state a claim. Plaintiff alleges that while he was driving near "T or C, New Mexico," Officer Salas pulled him over, arrested Plaintiff for driving on a suspended/revoked license, impounded his car and released Plaintiff "in about an hour." Am. Compl. at 5-7. After Plaintiff "was crying to Salas that bad people were trying to harm" Plaintiff, Salas offered Plaintiff a ride back to Las Cruces which Plaintiff accepted. *Id.* at 7. During the trip to Las Cruces Salas made a phone call and afterward informed Plaintiff that Salas was turning Plaintiff over to some officers from Las Cruces. *See id.* at 8. Plaintiff instructed Salas to immediately drop him off, and Salas dropped Plaintiff off in Hatch, New Mexico. *See id.* at 8. There are no allegations showing that Salas wrongfully arrested Plaintiff or wrongfully impounded Plaintiff's car.

Accordingly, it is **HEREBY ORDERED** that:

1. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE**;

2. All pending motions are **DENIED AS MOOT**; and

**3.** This case is now **CLOSED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE